UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**WILLIAM R. YORDY**
**PLAINTIFF**


V.                            CIVIL ACTION NO. 1:05CV682 LTS-RHW


**JOHN BATES and**
**STATE FARM FIRE & CASUALTY COMPANY            DEFENDANTS**


## MEMORANDUM OPINION

The Court has before it Plaintiff Floyd Yordy's (Yordy) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Yordy was a policy holder insured by Defendant State Farm Insurance Company (State Farm) and that Defendant Ronald Bates (Bates) was the agent through whom Yordy purchased his State Farm homeowners policy. Bates also sold Yordy a flood insurance policy.

According to the allegations of the complaint, when Yordy sought to purchase flood insurance coverage, Bates told him that the maximum amount of flood insurance coverage Yordy could purchase for his structure was $150,000. In reliance on this representation, Yordy purchased that amount of flood coverage. Yordy alleges that at the time of this transaction, he was in fact eligible to purchase $250,000 in flood insurance coverage, and that he would have purchased that amount had he not been misinformed by Bates as to the maximum coverage limits then available. Yordy alleges that he did not discover Bate's misrepresentation until after he sustained uninsured flood losses in Hurricane Katrina. Bates denies the substance of these allegations.

## Legal Theory Supporting Removal - Fraudulent Joinder

State Farm's citizenship is diverse from Yordy's; Bates's citizenship is not. If Bates is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that Yordy has fraudulently joined Bates as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).  State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.  These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

## Allegations of the Complaint

Yordy has alleged that when he purchased his flood insurance policy, he asked Bates for limits greater than $150,000.  Yordy alleges that Bates told him that the maximum coverage available was $150,000.  According to the complaint, Yordy relied upon Bates's statement that this was the maximum amount of coverage available, and that is the reason he did not purchase more flood coverage.  Yordy asserts that he did not discover that he could have purchased up to $250,000  in flood coverage (for structural damage) until after the insured property was damaged in Hurricane Katrina.

Plaintiff alleges that Bates's representations were inaccurate, that the representations were negligently made, that the representations were material, that he reasonably relied upon these representations, and that he has suffered damage as a result of this reliance.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit Yordy's theory of recovery and allegations against Bates.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the

statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. The agent would certainly be under a duty to properly ascertain the maximum available flood insurance coverage in response to a request from a customer for that information.

Of course, the truth of Yordy's allegations; the circumstances in which Bates's alleged representations were made; the question of whether Yordy reasonably relied upon the statements he attributes to Bates, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Yordy's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Bates and State Farm contend that even if Bates made the representations Yordy has alleged, and even if those representations were negligent and were reasonably relied upon by Yordy to his detriment, any remedy is now time barred, the representations having been made in 2001, more than three years before this action was filed. In support of this defense, State Farm and Bates rely upon the holding of *Howard v. Citifinancial*, 195 F.Supp.2d 811 (S.D. Miss. 2002). While the *Howard* case establishes that a claim for fraudulently inducing the purchase of an insurance contract is time barred three years after the contract is purchased, Yordy is not pursuing that legal theory. Yordy is not seeking to invalidate the insurance contract on the grounds that it was procured by fraud or by Bates's alleged misrepresentation. Yordy's claim sounds in tort. It is a negligence claim, and as such, it did not accrue until Yordy suffered damages as a result of the negligent act he alleges or until he could have discovered the negligence by the exercise of ordinary care. *See: Smith v. Sneed*, 638 So.2d 1252 (Miss.1994). At this juncture, Yordy is entitled to have all doubtful issues of law resolved in his favor, including the legal issue of when his cause of action accrued.

Without venturing any opinion on the merits of Yordy's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Bates and State Farm have failed to establish that Yordy has no viable legal theory upon which he may proceed against Bates.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 24th day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge